IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


NERA RANDOLPH,
    Plaintiff,

v.                                                              No: 5:07cv1/RS/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.

_____

REPORT AND RECOMMENDATION

    This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Randolph's application for disability insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Act.

    Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

In 2001 plaintiff filed an application for DIB claiming an onset of disability as of April 2000 due to back and knee pain.  The application went through the administrative process, ultimately resulting in an unfavorable decision by an ALJ after a hearing (the "first decision").  The ALJ found, among other matters, that plaintiff had severe conditions of back pain, knee pain, and hypertension, but that he could perform work at the sedentary level, and was not disabled.  The decision, dated December 16, 2003, was appealed to the Appeals Council, which declined review.  Plaintiff did not appeal that decision to this court, so the first decision became the final decision of the Commissioner as to that application, effective December 13, 2003.   Two weeks after the first decision plaintiff filed another application for DIB, as well as an application for SSI.  The applications went through the administrative process, ultimately resulting in an unfavorable decision by an ALJ after a hearing (the "second decision").  This time the ALJ found, among other matters, that plaintiff had a severe condition of knee pain ("bilateral osteoarthritis of the knees") (tr. 23), and that he could do unskilled light work.  This decision, dated February 24, 2006, was appealed and the Appeals Council declined review, making the February 24, 2006 decision of the ALJ the final decision of the Commissioner, and therefore subject to review in this court.  *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).  This appeal followed.

## STANDARD OF REVIEW

The ALJ's decision will be reversed only if it is not supported by substantial evidence.  *Falge, supra*.  The court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether it is premised upon correct legal principles.  *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  "A determination that is supported by substantial evidence may be

meaningless . . . if it is coupled with or derived from faulty legal principles." *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted). Findings of fact by the Commissioner that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps. A finding of disability or no disability at any step renders further evaluation unnecessary. The steps are:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

The claimant bears the burden of establishing a severe impairment that keeps him from performing his past work.  If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.  *Chester v. Bowen*, supra, 792 F.2d at 131; *MacGregor v. Bowen*, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, claimant must prove that he cannot perform the work suggested by the Commissioner.  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

## PLAINTIFF'S MEDICAL HISTORY

Plaintiff here raises several arguments concerning the res judicata effect of the first decision.  Those issues will be discussed in a later section and will ultimately be found not to entitle plaintiff to relief.  Therefore, for purposes of this court's review of plaintiff's relevant medical condition, the review must start at December 16, 2003, the date of the first decision that plaintiff was not disabled.  The subsequent applications, applicable here, present new, unadjudicated claims.

The medical record since December 16, 2003 is extremely sparse.  It reveals that on January 27, 2004, a month after the first decision, plaintiff saw his regular treating physician, Samuel E. Ward, MD, who is board certified in family practice. Dr. Ward's notes are brief, and indicate that plaintiff suffered from allergic rhinitis and that his blood lipids were up (tr. 434).  Plaintiff returned to Dr. Ward five months later, on May 10, 2004, again with increased blood lipids. Although Dr. Ward's notes are difficult to read, the "Chief Complaint/Present Illness/History" section of his chart notes only follow-up for labs (tr. 474).

**Plaintiff did not see Dr. Ward (or any other physician) for nearly eighteen months, when he returned for a complete physical on October 6, 2005. In a typed, extremely detailed report, Dr. Ward made the following comments and findings relevant to this appeal: (1) "No recent history of muscle aches, muscle weakness, muscular cramps or spasms, muscular twitching or fasciculations, joint stiffness, joint pains, joint swelling, joint deformities, recent injuries, scoliosis or kyphosis, back pain or hot joints, (2) ". . . the C spine shows no abnormal curvatures, is non-tender and has a full ROM, the T spine shows no abnormal curvatures and no point tenderness, the L spine shows no abnormal curvatures and no point tenderness, the sacrum shows no deformities and no point tenderness, the coccyx is non-tender and the SI joints show a full ROM without point tenderness, and (3) ". . . the hips show no tenderness, no crepitations, no swelling with a full ROM, the knees show no tenderness, no swelling, no crepitations with a full ROM and there is no ankle swelling, no pitting edema and no foot deformity." (Tr. 470-74). Dr. Ward's diagnosis was chronic uncontrolled hypertension, hyperlipidemia and allergic rhinitis. No mention was made of plaintiff's back or knees beyond what is quoted above, and Dr. Ward made no recommendation as to possible physical limitations (tr. 470-73).**

**The only other entry in the medical record during the relevant period after the first decision is from J. Patrick Grace, MD, an orthopedist, who saw plaintiff on October 19, 2005, two weeks after the just-discussed visit with Dr. Ward. Dr. Grace noted that plaintiff's problem was "bilateral knees; 5 ½ years post op right." Plaintiff stated that his right knee was hurting more than his left. Physical examination revealed pain in the left SI joint, no tenderness in the trochanter or left hip rotation, and that the left knee was stable with no palpable tenderness. X-rays of the knees showed that the joint spaces were holding up and there were mild arthritic changes**

without appreciable change since October 2003. Dr. Grace made no recommendation as to possible physical limitations (tr. 479).

## DISCUSSION

The plaintiff argues that the ALJ erred in failing properly to consider his back problem, in basing the residual functional capacity finding on the opinions of non-treating physicians, and in failing to credit plaintiff's subjective complaints of pain, and that plaintiff was disabled from his onset date as a matter of law. The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained. The issue thus presented is whether the ALJ's decision that the plaintiff was not disabled, in light of his physical condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

1.   **Plaintiff's back condition and residual functional capacity.**

Plaintiff's history of back problems began with an employment related accident in the 1990's. He was seen by a chiropractor, but has not been treated since October 2003 (tr. 479). An MRI performed in June, 2003, before the first decision, showed mild to moderate degenerative disc disease in the low back and some "quite small" bulges but no neural deformity (tr. 241). Notwithstanding this report, or perhaps in part because of it given its relatively benign findings, plaintiff was subsequently found to be not disabled.

Plaintiff argues here that the second decision was flawed because plaintiff's back condition was not addressed, and more specifically, that the second decision was erroneous because, the first decision having determined that plaintiff's back condition was severe, the Commissioner was bound by that finding and was required to accept plaintiff's back condition as severe absent a showing of improvement. The Commissioner argues that his policy is to treat each application

for benefits that deals with an unadjudicated period, as is the case here, as a new claim, and that he is not bound by the findings of a previous adjudication. Plaintiff relies on three Circuit Court decisions: *Albright v. Commissioner*, 174 F.3d 473 (4th Cir. 1999); *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1977); *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988); and *Lively v. Secretary*, 820 F.2d 1391 (4th Cir. 1987).  In each of those cases the courts found contrary to the Commissioner's policy, ruling that administrative *res judicata* applied and that the Commissioner was bound by an earlier ALJ decision concerning plaintiff's severe conditions and residual functional capacity.[1]

On initial review the undersigned was concerned that the res judicata issue impacted this case.  That is, the first decision determined that plaintiff was not disabled, under the law that decision is final, and administrative res judicata prevents the matter from being revisited (with some exceptions not relevant here). The first decision also determined that plaintiff had a severe condition of back pain and could work at only the sedentary level.  The Commissioner says he is not bound by these findings in light of his policy to treat each application for benefits with respect to an unadjudicated period as a new claim.  Recognizing that an interesting and possibly dispositive question was presented by this seeming contradiction, the undersigned ordered the Commissioner to justify his position, and invited plaintiff to brief the issue further.  The Commissioner responded (doc. 22); plaintiff did not. Now, after a thorough review of the administrative file, the court has determined that the issue, while interesting, is not dispositive.

The reason it is not dispositive is that, even if the Commissioner had been bound by the first decision, and would therefore have to show improvement before

---

[1] The *Drummond* court noted that the Commissioner was willing to enforce *res judicata* against the claimant, meaning that the claimant could not go behind an earlier adverse decision, but was not willing to enforce it against himself, which "appear[ed] to create an instance of the Commissioner attempting to 'have its cake and eat it too.'"

Case No: 5:07cv1/RS/MD

he could in effect downgrade plaintiff's back pain and upgrade his residual functional capacity, the medical record shows convincingly that such a finding would have been fully justified. The ALJ recognized this, noting that under *Albright,supra*, he had to consider the previous finding that plaintiff could do only sedentary work, but nevertheless found that plaintiff's current condition was not so disabling given that plaintiff had been to the doctor only twice since the first decision for any orthopedic reviews, and given the very benign findings by Dr. Ward and Dr. Grace.

Thus, even if, for the sake of argument, the Commissioner was bound by the first decision's findings, the ALJ discounted them. Granted, the ALJ could have been more specific with respect to plaintiff's back pain, but the medical record, subsequent to the first decision, substantiates the ALJ's decision. Dr. Ward conducted a fully-documented physical examination and noted not a single symptom and recorded not a single finding that there was anything amiss in plaintiff's back. He did not record that plaintiff even complained of back pain, and actually stated to the contrary - that there were no recent physical complaints of any kind. The only other possibly pertinent medical report was from Dr. Grace, who looked only at plaintiff's knees and did not mention his back.

Finally, as the ALJ noted, no physician, treating or otherwise, placed any restrictions on plaintiff's activities during the relevant time. Two doctor visits in nearly two years, both with very benign findings, does not force a finding of continued back problems or the inability to work above the sedentary level, much less a finding of disabled. Moreover, even if the Commissioner were bound by the earlier finding that plaintiff could work only at the sedentary level, the result would have been the same. The record undoubtedly did not show a worsening condition, so plaintiff still would not have been found disabled. Plaintiff has not shown that his back pain was severe during the relevant period, and Dr. Ward's findings show

conclusively that it was not. Consequently, the res judicata issue is irrelevant to the instant case and must be left for another day.

### 2. Plaintiff's subjective complaints of pain.

Plaintiff's other contention is that the ALJ erred in not crediting his subjective complaints of pain. The law on that issue is well known to this court and need not be discussed in detail here. Suffice it to say that

> [i]n order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *Ogranaja v. Commissioner of Social Security*, 186 Fed.Appx. 848, 2006 WL 1526062, *3+ (11th Cir. 2006) (quoting *Wilson*) (Table, text in WESTLAW); *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991).

Underlying this standard is the need for a credibility determination concerning a plaintiff's complaints of pain. Those complaints are, after all, subjective. "[T]he ascertainment of the existence of an actual disability depend[s] on determining the truth and reliability of [a claimant's] complaints of subjective pain." *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints").[2] People with objectively identical conditions can experience significantly different levels of pain, and pain is more readily treated in some than in others. "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain. This determination is a question of fact

---

[2] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

which, like all factual findings by the [Commissioner], is subject only to limited review in the courts . . . ."  *Hand v. Bowen*, 793 F.2d 275, 276 (11th Cir.1986).  It is within the ALJ's "realm of judging" to determine whether "the quantum of pain [a claimant] allege[s] [is] credible when considered in the light of other evidence."  *Arnold v. Heckler*, 732 F.2d 881, 884  (11th Cir. 1984).   Thus, a physician may be told by a patient that he or she is in pain, and the physician may believe it, but the ALJ is not bound by that.  The evidence as a whole, including the existence of corroborating objective proof or the lack thereof, and not just a physician's belief or the plaintiff's claims, is the basis for the ALJ's credibility determination.

As noted above, if plaintiff was in great pain, he did nothing about it, and told Dr. Ward nothing about his back pain.  His visits to his physicians were infrequent at best, and even the treating physicians noted no particular limitations on plaintiff's activities.  Plaintiff has not shown error.

The ALJ's decision under review here was substantiated by substantial record evidence, and plaintiff is not entitled to reversal.  Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

At Pensacola, Florida this 16th day of January, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

*Case No: 5:07cv1/RS/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11**[th]** Cir. 1988).**